IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELTON HOWARD OPP, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-1080 |
| § | |
| HARRIS COUNTY SHERIFF'S OFFICE, § | |
| § | |
| *Defendant.* § | |

## ORDER OF DISMISSAL

Plaintiff Kelton Howard Opp, a state inmate proceeding *pro se*, filed a section 1983 lawsuit against the Harris County Sheriff's Office ("HCSO"). Having screened the lawsuit as required by section 1915A, the Court DISMISSES this case for failure to raise a viable claim under section 1983.

### *Background and Claims*

Plaintiff claims that, while a pretrial detainee, he slipped and fell in the inmate break room at the Harris County Jail while refilling a coffee pot. In pleading the acts or omissions of HCSO in this lawsuit, plaintiff states only "slick floor on 5th Floor" and "slip and fall." Construed liberally, plaintiff's complaint asserts that defendant HCSO is liable for his slipping and falling on a slick floor on the 5th floor of the Harris County Jail. Plaintiff alleges that he sustained ringing in his ears following the incident, and that he is entitled to $15 million in damages, a right-ear cochlear replacement, and a left-ear hearing aid.

*Analysis*

To state a viable claim under section 1983, a plaintiff "must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005). State actors are subject to civil liability when, "under color of any statute, ordinance, regulation, custom, or usage, of any State," the official subjects, or causes to be subjected, a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983.

Plaintiff does not assert the violation of any particular constitutional right. Given a liberal construction, his complaint alleges that HCSO was deliberately indifferent to his safety, premised on his slip and fall on a slick jail floor, in violation of the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648–49 (5th Cir. 1996).

HCSO does not enjoy a separate legal existence from Harris County, and thus is not an entity with the capacity to sue or be sued. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Any claim against HCSO is actually a claim against Harris County. However, a municipality or local government entity cannot be held liable under section 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). In other words, a municipality or local government entity is liable under section 1983 only for acts for which it is actually responsible. *Doe on Behalf of Doe v. Dallas Independent School Dist.*, 153 F.3d 211, 215–16 (5th Cir.

1998). Thus, Harris County is liable under section 1983 for plaintiff's injuries only if "(1) the enforcement of a municipal policy or custom was (2) 'the moving force' of the violation of his federally protected rights." *Piotrowski v. City of Houston*, 237 F.3d 567, 568 (5th Cir. 2001).

Plaintiff does not allege that the enforcement of a municipal policy or custom was the moving force behind any deliberate indifference to his safety as to his slip and fall. Consequently, no colorable section 1983 claim has been raised against Harris County.

Moreover, even assuming plaintiff had pleaded as actionable a particular Harris County policy or custom, his allegations fail to raise a viable claim for deliberate indifference to his safety. At most, plaintiff's assertions of slipping and falling on a slick floor while refilling a coffee pot sound in state law negligence, not federal constitutional law. *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (holding that inmate's allegation that leaking air conditioning unit made floor wet, resulting in his slipping and falling, is a garden-variety negligence claim, not deliberate indifference); *see also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (affirming dismissal of prisoner's slip and fall claim as frivolous and for failure to state a section 1983 claim).

For these reasons, no viable section 1983 claim has been raised, and this lawsuit must be dismissed. The Court declines to exercise supplemental jurisdiction over any state law claims raised by plaintiff in this case. *See* 28 U.S.C. § 1367(c)(3) (explaining that a district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it has original jurisdiction).

*Conclusion*

This case is DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief under section 1983. The Court has granted plaintiff leave to proceed *in forma pauperis* in a separate order. This dismissal constitutes a "strike" for purposes of section 1915(g), and constitutes plaintiff's second strike. *See Opp v. Beggs*, C.A. No. H-17-0442 (S.D. Tex. Mar. 20, 2017). Any and all pending motions are DENIED AS MOOT.

The Clerk is directed to provide a copy of this order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to: (1) the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and (2) Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on April 11, 2017.

Gray H. Miller
United States District Judge